# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BIANCA FLORES, on her**
**own behalf and on behalf of all**
**similarly situated individuals,**

                    **Plaintiff,**

**v.**                                                  **Case No:   6:19-cv-844-Orl-40GJK**

**ACORN STAIRLIFTS, INC.,**

                    **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARD (Doc. No. 52)** |
| **FILED:** | **June 8, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    BACKGROUND.

This case presents a proposed class action settlement under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Doc. Nos. 31, 45. Plaintiff Bianca Flores's amended complaint alleges that Defendant Acorn Stairlifts, Inc., violated Flores's "federally protected privacy rights and fail[ed] to provide her with information and notice pursuant to the FCRA." Doc. No. 31 at 1. She claims that Defendant "violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on her and other putative class members for employment purposes, without first providing a clear and conspicuous disclosure before procuring the report." *Id.* at ¶ 5. Because the

disclosure form purportedly did not comply with FCRA's requirements, Defendant "violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization . . . ." *Id.* at ¶ 6. Flores also alleges that Defendant violated "15 U.S.C. § 1681b(b)(3)(A) by taking adverse employment action against her and other putative class members without first providing her and other affected class members with pre-adverse action notice, a copy of their consumer report, and a summary of their FCRA rights." *Id.* at ¶ 7.

The amended complaint asserts four counts against Defendant for allegedly violating FCRA. *Id.* at ¶¶ 73-115. Flores requests statutory damages, including punitive damages, and attorney's fees and costs, under FCRA; certification of this action as a class action; establishing a class as the Court deems appropriate; issuing notice to the class at Defendant's expense; designating her as the class representative; and appointing her counsel as class counsel. *Id.* at 17, 20, 22-23, 24-25.

On November 13, 2019, the parties filed their Notice of Class Action Settlement, Doc. No. 40, and on December 11, 2019, Flores filed her Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class. Doc. No. 42. On January 31, 2020, the Honorable Thomas B. Smith recommended that the Court grant the motion for preliminary approval with slight modifications to the opt-out procedure. Doc. No. 47 at 17. On March 24, 2020, the Court adopted the report and recommendation and granted the motion for preliminary approval. Doc. No. 49.

Under the Settlement Agreement, the certified class consists of the following: "All individuals as to whom, during the Covered Period, a consumer report for employment purposes was procured by Defendant between August 1, 2016 and October 31, 2018." Doc. No. 47 at 7. The Covered Period is August 1, 2016, through October 31, 2018. *Id.*

Under the Settlement Agreement, Defendant will establish a Settlement Fund of $215,100. Doc. No. 45-1, ¶ 38. The Settlement Agreement also provides that Class Counsel will seek court approval of $70,983 (33% of the Settlement Fund), as attorney's fees, and up to $3,000 for litigation costs, and a class representative service payment not exceeding $5,000. *Id.* at ¶¶ 16, 19. These expenses will come out of the Settlement Fund. *Id.* at ¶¶ 16, 17, 19. Class Members will each receive at least $171.71. *Id.* at ¶ 39. Any unclaimed funds will revert to Defendant. *Id.* at ¶ 40. On June 8, 2020, Plaintiffs filed an unopposed motion (the "Motion") for attorney's fees and costs and payment of the class representative service award for the above amounts. Doc. No. 52.

## II.    ATTORNEY'S FEES.

"Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991). Plaintiffs are seeking their attorney's fees from the common fund, and thus the percentage-of-the-common-fund method is used to determine the amount of attorney's fees that Plaintiffs should be awarded. *Dikeman v. Progressive Exp. Ins. Co.*, 312 F. App'x 168, 172 (11th Cir. 2008).[1] "[A]ttorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I*, 946 F.2d at 774. "[I]n evaluating, setting, and reviewing percentage fee awards in common fund cases[,]" the court should use the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *Camden I*, 946 F.2d at 775.

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

The *Johnson* factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. In addition to the *Johnson* factors, the court should also consider "the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Camden I*, 946 F.2d at 775.

Plaintiffs' request of $70,983.00 in attorney's fees is 33% of the $215,100 that Defendant will pay into the Settlement Fund. Doc. No. 52 at 6. In determining whether this is a reasonable percentage, the Court will "articulate specific reasons for selecting the percentage upon which the attorneys' fee award is based . . . [and] identify all factors upon which it relied and explain how each factor affected its selection of the percentage of the fund awarded as fees." *Camden I*, 946 F.2d at 775.

**A. The *Johnson* Factors**

In determining whether Plaintiffs' requested fee is reasonable, the Court first reviews the twelve *Johnson* factors. *Camden I*, 946 F.2d at 775.

1.   Time and Labor Required

The first *Johnson* factor is the time and labor required. 488 F.2d at 717. Plaintiffs represent that their counsel spent over 150 hours on this litigation. Doc. No. 52 at 7. The time included preparing the Complaint and discovery; reviewing discovery; preparing for and attending mediation; drafting motions, the settlement agreement, and class notices; attending the preliminary approval hearing; "facilitating notices and class administration; and responding to inquiries from class members. Additionally, Class Counsel must attend the Final Fairness Hearing on June 22, 2020." *Id.* Class counsel will continue to expend time on this case following final approval of the settlement, as he "will monitor the settlement to ensure that class members receive their settlement checks or replacement checks as necessary, and will continue to respond to inquiries from class members." *Id.* at 7-8. This factor weighs in favor of finding a 33% recovery reasonable.

2.   Novelty and Difficulty of the Questions

The second *Johnson* factor is the novelty and difficulty of the questions. 488 F.2d at 718. Plaintiffs argue that this case involves "a complex area of the law, with ubiquitous Article III standing pitfalls and success contingent upon a finding of 'willfulness.'" Doc. No. 52 at 9. They also contend that Rule 23 class actions, and even more so, FCRA class actions, are inherently complex because FCRA "law is very unsettled." *Id.* at 2. Plaintiffs state that FCRA "cases are novel and present difficult questions of both fact and law - raising novel issues only a small subset of the bar would even be able to identify, yet alone handle." *Id.* at 8. Plaintiffs represent that their counsel "leveraged an undeveloped theory of liability into a class wide settlement." *Id.* at 2. This factor weighs in favor of finding a 33% recovery reasonable.

3. <u>Skill Required to Perform the Legal Services Properly</u>

The third *Johnson* factor is the skill needed to perform the legal services properly. 488 F.2d at 718. The attorney's work product, preparation, and performance before the Court are considerations for this factor. *Id.* The Court finds that Class Counsel demonstrated a skill level supporting an award of 33%, as demonstrated by Class Counsel's ability to obtain a recovery of at least $171 for each class member, provided the Settlement Agreement is approved.

4. <u>Preclusion of Other Employment Due to Acceptance of the Case</u>

The fourth *Johnson* factor is the preclusion of other employment due to acceptance of the case. 488 F.2d at 718. In support of this factor, Plaintiffs state, "[T]he hours required to prosecute this action limited the amount of time and resources that Class Counsel were available to devote to other matters over the period of this litigation." Doc. No. 52 at 10. As there is no evidence that Class Counsel was precluded from accepting other cases due to the demands of this one, this factor weighs against awarding a high percentage.

5. <u>Customary Fee in the Community</u>

The fifth *Johnson* factor is the customary fee in the community. 488 F.2d at 718. Plaintiffs cite a myriad of cases from this Court awarding attorney's fees of approximately 30% or higher in FCRA class actions. Doc. No. 52 at 10-11. Plaintiffs demonstrate that this factor supports their request for an award of 33%.

6. <u>Whether the Fee is Fixed or Contingent</u>

The sixth *Johnson* factor is whether the fee is fixed or contingent. 488 F.2d at 718. "This action was taken on a pure contingency basis with no guarantee of recovery." Doc. No. 52 at 11. This factor weighs in favor of finding a 33% recovery reasonable.

7.   <u>Time Limitations Imposed by the Client or Circumstances</u>

The seventh *Johnson* factor is time limitations imposed by the client or circumstances. 488 F.2d at 718. "Time limitations were not an issue in this case." Doc. No. 52 at 12. Therefore, this factor weighs against awarding a high percentage.

8.   <u>Amount Involved and Results Obtained</u>

The eighth *Johnson* factor is the amount involved and the results obtained. 488 F.2d at 718. Plaintiffs do not specify the amount involved, but point to the fact that under the Settlement Agreement, class members are expected to receive $171 each, even taking into account the requested attorney's fees and costs award and the class representative service award. Doc. No. 52 at 12. Plaintiffs cite several district court cases finding that per-class member recoveries of far less than that were deemed excellent. *Id.* at 12-13. This factor weighs in favor of finding 33% reasonable.

9.   <u>Experience, Reputation, and the Ability of the Attorney</u>

The ninth *Johnson* factor is the attorney's experience, reputation, and ability. 488 F.2d at 718. Class Counsel has practiced law for over twenty-two years and has been approved as class counsel in at least twelve similar FCRA cases. Doc. No. 45-2 at ¶¶ 4, 6. The results obtained in this litigation demonstrate Class Counsel's ability. This factor weighs in favor of finding 33% reasonable.

10. <u>The Undesirability of the Case</u>

The tenth *Johnson* factor is the undesirability of the case. 488 F.2d at 719. Plaintiffs argue that "[m]ost counsel would have little to no interest in prosecuting an action seeking minimal statutory damages for 'intangible' injuries on a contingency basis, with no guarantee or high likelihood of recovery." Doc. No. 52 at 13-14. This conclusory assertion does not prove that this

factor supports the attorney's fees award requested, and therefore, this factor is given little weight to support the requested percentage.

### 11. Nature and Length of the Professional Relationship with the Client

The eleventh *Johnson* factor is the nature and length of the professional relationship with the client. 488 F.2d at 719. "Class Counsel was not representing long-term clients in this matter." Doc. No. 52 at 14. No weight is given to this factor.

### 12. Awards in Similar Cases

The final *Johnson* factor is awards in similar cases, "within and without the court's circuit." 488 F.2d at 717-19. For this factor, Plaintiffs refer to the cases they previously cited regarding awards of attorney's fees with similar percentages in class actions under the factor of customary fees in the community. Doc. No. 52 at 10-11, 14. Plaintiffs demonstrate that 33% is in line with attorney's fees awards in similar cases, and therefore this factor weighs in favor of their request.

## B.  Other Pertinent Factors

In addition to the *Johnson* factors, the court also considers "the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Camden I*, 946 F.2d at 775.

### 1. Time Required to Reach a Settlement

The time required to reach a settlement in this matter favors a 33% award of attorney's fees. Plaintiffs represent that the parties first engaged in mediation in June 2019. *See* Doc. No. 7 at ¶ 4. In November 2019, after again working with a mediator, "the parties agreed to a settlement in principle." Doc. No. 52 at 1. Thus, settlement did not come quickly.

2.   Substantial Objections to the Settlement or Attorney's Fees Requested

Plaintiffs represent that 30% of the class members filed claims forms, no objections have been received to the Settlement Agreement, and only one member requested to be excluded from the class. *Id.* at 2, 16. The Settlement Agreement includes a provision for an award of attorney's fees of $70,983. Doc. No. 45-1 at ¶ 16. This factor supports the attorney's fees award that Plaintiffs request.

3.   Non-Monetary Benefits Conferred Upon the Class by the Settlement

The factor of whether non-monetary benefits were conferred upon the class by the Settlement Agreement is not addressed in the Motion. Doc. No. 52. This factor is not given any weight.

4.   Economics Involved in Prosecuting a Class Action

Regarding the economics involved in prosecuting a class action, Plaintiffs argue that their counsel "assumed the risk of hundreds of hours of attorney time and thousands of dollars in costs." *Id.* at 14. They argue that if the fees awarded in class action cases do not adequately compensate counsel, then "the entire purpose and function of class litigation under Rule 23 . . . will be undermined and subverted to the interests of those lawyers who would prefer to take minor sums to serve their own self-interest rather than obtaining real justice on behalf of their injured clients." *Id.* at 15 (citing *Allapattah Servs. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1217-18 (S.D. Fla. 2006)). Plaintiffs demonstrate that this factor weighs in favor of an award of attorney's fees of 33%.

**C.   Reasonable Amount of Attorney's Fees**

Plaintiffs are entitled to an award of attorney's fees under the common fund doctrine. The method used to determine the amount of the fees is the percentage-of-the-common-fund method. After weighing *Johnson* and other pertinent factors, a reasonable percentage of the common fund

for an award of attorney's fees is 33%. Thus, it is recommended that the Court approve an award of attorneys' fees of $70,983.

### III.  COSTS.

Plaintiffs request reimbursement of their costs of $3,000.00. Doc. No. 52 at 15. The Settlement Agreement states that Plaintiffs will seek costs of that amount. Doc. No. 45-1 at ¶ 44. Defendant does not oppose the request, and no objections have been made to the Settlement Agreement. Doc. No. 52 at 2, 16. The costs represent filing fees, mediation, service of process, printing, and travel. Doc. No. 52-1 at 4. Costs are being sought pursuant to the Settlement Agreement, and not 28 U.S.C. § 1920, which provides for the recovery of limited costs. It is recommended that the Court permit reimbursement of $3,000 in costs to Plaintiffs from the Settlement Fund, as the Settlement Agreement so provides.

### IV.  CLASS REPRESENTATIVE SERVICE AWARD.

Plaintiffs ask that Flores, the class representative, receive $5,000 as a service award. Doc. No. 52 at 15-16. "Incentive awards are not uncommon in class action litigation where, as here, a common fund has been created for the benefit of the class. Incentive awards compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Allapattah Servs.*, 454 F. Supp. 2d at 1218. For this reason, service awards are routinely approved and "serve an important function, particularly where the named plaintiffs participated actively in the litigation." *Id.*

The Settlement Agreement provides for an award to the class representative of up to $5,000 from the Settlement Fund, which is not opposed by Defendant or any class member. Doc. No. 45-1 at ¶ 43. Plaintiffs describe the value Flores provided to the case as including reviewing

documents, participating in discovery, and remaining engaged in the litigation. Doc. No. 52 at 15-16. It is recommended that the Court find that $5,000 is an appropriate service award to Flores.

## V.    **CONCLUSION.**

Plaintiffs demonstrate that 33% of the amount Defendant deposited into the Settlement Fund ($70,983), is a reasonable amount of attorney's fees. They also show that $3,000 for costs and $5,000 for Flores's service award are appropriate. Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 52) be **GRANTED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

**RECOMMENDED** in Orlando, Florida, on June 22, 2020.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record